66961-95-121

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| WEST BEND MUTUAL INSURANCE COMPANY, )<br>    Plaintiff, )<br>v. )<br>)<br>MELCHOR MARTINEZ d/b/a AFFORDABLE )<br>TREE SERVICE AND J.E., A MINOR AND )<br>MARIA BECERRA, MOTHER OF J.E. )<br>    Defendants. ) | No. 18-cv-04671 |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES PLAINTIFF, West Bend Mutual Insurance Company, by its attorneys, McKenna Storer, and for its Complaint for a Declaratory Judgment against defendants, Melchor Martinez d/b/a A Affordable Tree Service and J.E., a minor, and Maria Becerra, Mother of J.E., states as follows.

### Parties

1. Plaintiff, West Bend Mutual Insurance Company, is a Wisconsin Corporation with its principal place of business in West Bend, Wisconsin. Plaintiff is a citizen of Wisconsin.

2. Defendant, Melchor Martinez d/b/a A Affordable Tree Service, is a resident and citizen of Illinois.

3. Defendants, J.E., a minor, and Maria Becerra, Mother of J.E., are residents and citizens of Illinois.

### Jurisdiction and Venue

4. Jurisdiction is proper under 28 USC §1332(a)(1) since this is an action between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5. Jurisdiction is also proper under 28 USC §2201(a) because a case of actual controversy exists in connection with the parties' rights and obligations under an insurance policy

1

issued by Plaintiff, and this Court has jurisdiction to declare the rights and legal obligations of any interested party seeking relief.

6. Venue is proper in this Court pursuant to 28 USC §1391(b)(1) because the Defendants reside in Illinois and in this judicial district. Venue is also proper under 28 USC §1391(b)(2) because a substantial part of the events and transactions giving rise to the claim occurred in this judicial district.

## Factual Background

7. Plaintiff, West Bend Mutual Insurance Company ("West Bend"), is a mutual insurance company organized under the laws of the State of Wisconsin, and is authorized to issue policies of insurance in the State of Illinois.

8. Defendant, Melchor Martinez ("Martinez"), at all relevant times, was the owner of A Affordable Tree Service located in Machesney Park, Illinois.

9. Defendants, J.E., a minor, and Maria Becerra, Mother of J.E. (collectively "J.E."), are individuals named as defendants herein as necessary parties and to bind them to this Court's judgment.

10. On May 21, 2018, J.E. filed a Complaint for negligence in the Circuit Court of Winnebago County, Illinois, against Martinez. The complaint is captioned *J.E., a Minor and Maria Becerra, Mother of J.E. v. A Affordable Tree Service and Melchor Martinez*, number 2018 L 156. The complaint alleges that on May 24, 2016, Martinez was hired to cut down trees at a residence located in Rockford, Illinois; that Martinez employed J.E. to assist in removing tree branches and logs, and that J.E. was standing in close proximity to a tree being cut down when he was struck by a large branch and suffered serious injuries. Martinez was allegedly negligent in its tree cutting operations, and its negligence allegedly caused J.E.'s injuries. A copy of the *J.E.* Complaint is attached as Exhibit A.

11. The *J.E.* Complaint alleges that J.E. suffered serious injuries in the accident; has incurred pain and suffering as a result of said injuries, and will continue to have chronic pain and suffering the rest of his life; has incurred medical expenses and, in the future, will continue to incur medical expenses; has lost income from employment and will continue to incur lost income from employment; has lost permanent function and movement to his left arm from the shoulder down; has suffered permanent disfigurement of his left arm and scarring on his person; has suffered and will continue in the future to suffer emotional illness, anguish and distress; and has been and will be permanently restricted in the pursuit of ordinary activities and affairs. The *J.E.* Complaint seeks damages from Martinez in excess of one million dollars for the injuries suffered in the accident.

12. West Bend issued a commercial general liability policy to Melchor Martinez d/b/a A Affordable Tree Service, Policy Number 1396287 05, effective from April 12, 2016 until April 12, 2017 (the "West Bend Policy"). A copy of the West Bend Policy is attached as Exhibit B.

13. The West Bend Policy provides:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have a right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

14. The West Bend Policy contains the following exclusions:

2. **Exclusions**

This insurance does not apply to:

\* \* \*

d. **Workers Compensation and Similar Laws**. Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

e. **Employer's Liability**

"Bodily injury" to:

**(1)** An "employee" of the insured arising out of an in the course of:

**(a)** Employment by the insured; or

**(b)** Performing duties related to the conduct of the insured's business; or

**(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract."

15. The following definitions apply to the "Employers Liability" Exclusion:

\* \* \*

**5.** "Employee" includes a "leased worker." "Employee" does not include a "temporary worker."

\* \* \*

**10.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker."

\* \* \*

4

      **19.** "Temporary worker" means a person who was furnished to you to substitute for a permanent "employee" on leave or to meet seasonable or short-term workload conditions.

16. The West Bend Policy contains an endorsement captioned "Tree Care Professional Liability Coverage" which provides:

      **1.** **Insuring Agreement**

          **a.** We will pay those sums that the insured be-comes legally obligated to pay as damages because of "bodily injury" or "property damage" arising out of any act, error, or omission of the insured arising out of the insured's professional tree care operations. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for damages related to professional acts, errors or omissions to which this insurance does not apply. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result.

      **2.** **Exclusions**

          \* \* \*

          **h.** Any claim arising from injury to, injury or damage to property owned by or rented or loaned to, or damages suffered by any "employee" of the insured, any prospective "employee" or previous "employee" of any insured whether arising out of and in the course of employment by any insured or otherwise.

          **i.** Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or similar law.

17. Martinez tendered the defense of the *J.E.* lawsuit to West Bend seeking a defense to the lawsuit under the West Bend Policy. On June 6, 2018, West Bend denied coverage based on the allegation in the complaint that J.E. was an employee of Martinez at the time of the accident and the policy exclusions for "Employer's Liability."

18. The West Bend policy does not provide coverage to Martinez for the *J.E.* lawsuit because of the Policy's Employer's Liability exclusion. Therefore, West Bend does not have a duty to defend or indemnify Martinez in connection with the *J.E.* lawsuit.

19. An actual controversy exists between the parties in connection with the parties' rights and obligations under the West Bend Policy and, pursuant to 28 USC § 2201(a), this Court has jurisdiction to declare the rights and legal obligations of the parties which warrants the entry of a declaratory judgment in this matter.

WHEREFORE, plaintiff, West Bend Mutual Insurance Company, respectfully requests that this Court enter a declaratory judgment, finding and declaring as follows:

A. West Bend Mutual Insurance Company has no duty to defend or indemnify Melchor Martinez d/b/a A Affordable Tree Care, under Policy Number 1396287 05 for the *J.E.* lawsuit because the Employer's Liability exclusion applies to bar coverage for the *J.E.* lawsuit.

B. And for other such relief as this Court deems just and appropriate.

                                                      Respectfully submitted,

By:    /s/    Thomas F. Lucas
           Thomas F. Lucas, One of the
           Attorneys for Plaintiff, West Bend
           Mutual Insurance Company

Thomas F. Lucas, Esq.
Kelly E. Purkey, Esq.
McKenna Storer
33 North LaSalle Street
Suite 1400
Chicago, Illinois 60602
312/558-3900
tlucas@mckenna-law.com
kpurkey@mckenna-law.com
service@mckenna-law.com